UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS BUDASZ,

        Plaintiff(s),

v.

NATIONSTAR MORTGAGE, LLC, et al.,

        Defendant(s).

2:12-CV-1396 JCM (VCF)

**ORDER**

Presently before the court is plaintiff Dennis Budasz's motion for temporary restraining order and preliminary injunction. (Doc. #1, Ex. 1). Defendants Nationstar Mortgage, LLC, et. al. filed an opposition. (Doc. #3). The instant motion seeks an order from this court staying justice court case number 120C0110055/6. (Doc. #1, Ex. 1).

Plaintiff filed the instant motion in state court on July 11, 2012. (Doc. #1, Ex. 1). On August 7, 2012, defendants Nationstar Mortgage, LLC, et. al. removed the action to this court. (Doc. #1). This case was originally assigned to Judge Hicks, who recused himself on August 8, 2012, and the case was assigned to this court. (Docs. #7 and #8).

Although the factual background is somewhat unclear in both the complaint and the instant motion, plaintiff appears to seek an order from this court which would stay proceedings in justice court case number 120C0110055/6. (Doc. #1, Ex. 1). The complaint alleges that defendant Fannie Mae filed the action in justice court to evict plaintiff and his family. (Doc. #1, Ex. 1, ¶ 22). Further,

**James C. Mahan**
**U.S. District Judge**

the instant motion for temporary restraining order and preliminary injunction asserts that an order for eviction has issued, but was stayed until July 28. (Doc. #1, Ex. 1). The allegations in the complaint clearly demonstrate that Fannie Mae filed the justice court action prior to plaintiff's filing of the instant case in state court. (Doc. #1, Ex. 1, ¶ 22).

This court does not have authority to enjoin the justice court in case number 120C0110055/6. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings unless one of three exceptions applies: (1) where the injunction is expressly authorized by an act of Congress, (2) where it is necessary in aid of the federal court's jurisdiction, and (3) where an injunction would protect or effectuate the federal court's judgments. *See also United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999). "[I]t has long been held that the first court to exercise jurisdiction over real property is entitled to enjoin proceedings in another court regarding that property." *Id.* However, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed . . . ." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

It is clear that neither the first nor the third exception to the Anti-Injunction Act applies in this case. Plaintiff has not pointed to any act of Congress that would authorize this court to enjoin the state court proceedings. (Doc. #1, Ex. 1). Further, this court has not entered a judgment in the instant case, so there is no judgment from this court which an injunction could protect or effectuate. *See Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942 (9th Cir. 2005) (stating that this exception is grounded in the concepts of res judicata and collateral estoppel).

Similarly, the court does not have authority to enjoin the justice court proceedings under the second exception to the Anti-Injunction Act. Regardless of whether the instant suit is characterized as a proceeding *in rem* or *in personam*, *see Chapman v. Deutsche Bank National Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) (stating that this is an open question under Nevada law), this court did not assume jurisdiction over the instant case until after the justice court exercised jurisdiction in case number 120C0110055/6.

**James C. Mahan**
**U.S. District Judge**

- 2 -

This court assumed jurisdiction over the instant lawsuit on August 2, 2012, when defendants removed the case to federal court on August 8, 2012. *Chapman*, 651 F.3d at 1044 (stating that jurisdiction attaches when defendants filed a notice of removal). Even if the court uses the date the complaint was filed in state district court, June 13, 2012, the justice court exercised jurisdiction prior to any exercise of jurisdiction in this case. (Doc. #1, Ex. 1, ¶ 22) (stating that Fannie Mae filed the action in justice court to evict plaintiff and his family).

Therefore, the justice court exercised jurisdiction prior to this court's assumption of jurisdiction, and this court does not have the authority to enjoin the state court proceedings regarding this real property. *See Alpine Land & Reservoir Co.*, 174 F.3d at 1014.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Dennis Budasz's motion for temporary restraining order and preliminary injunction (doc. #1, Ex. 1) be, and the same hereby is, DENIED.

DATED August 9, 2012.

**UNITED STATES DISTRICT JUDGE**